GEORGE W. JONES ET AL v. LAFAYETTE W. SCHALL ET AL.

*Receivership.*

A receiver cannot be appointed as a preliminary to filing a bill and beginning suit, and without any notice to parties interested in the property placed in his hands.

Appeal from Cass. Submitted Jan. 13. Decided Jan. 26.

BILL to set aside mortgages claimed to be fraudulent. Defendants appeal. Reversed.

*Howell & Carr* and *L. A. Tabor* for complainants

*R. R. Pealer* for defendants appellant.

MARSTON, C. J. The complainants on the 15th of November, 1879, filled their bill of complaint in the circuit court for the county of Cass in chancery, alleging therein that each had on the 11th day of October, 1879, recovered judgments against the defendants, Lafayette W. and Peter Schall, for certain specified sums; that each of said causes had been commenced by attachment and levies made thereunder upon certain personal property of said defendants, which is particularly described. It was also alleged that executions had been issued upon said judgments and said property levied upon by virtue thereof, but it was conceded on the argument. that no such levy had or has been made. It is farther alleged that Lafayette W. Schall executed and delivered a chattel mortgage on said personal property, March 7, 1879, to his wife; also a similar mortgage on said property, May 8, 1879, and that Peter Schall had given to his wife and one Precilla McEntefer, March 7, 1879, a chattel mortgage on said property; also one dated May 8, 1879; also a mortgage by Lafayette to his brother Elias.

It is alleged that all these instruments, except the last, were given for the express purpose of cheating and defraud-

ing complainants and to hinder and delay them in collection of their respective claims. Certain other facts were alleged, and, amongst them, that a forced sale of such property subject to such encumbrances, would not realize any sum to apply on their claims, and they prayed for the appointment of a receiver to take charge of such property.

On the 13th day of November a receiver was appointed "to take immediate charge of all the personal property of the said defendants Lafayette W. Schall and Peter Schall, except such as is exempt from execution by law, and to sell and dispose of the same for cash to the best possible advantage, in any mode or manner that may seem to him to be most advantageous to all the parties concerned, and after the sale of such property to bring the moneys arising therefrom into this court, and deposit the same with the register of this court, to be held by him until it shall be determined by this court by regular decree, as to whom the same rightfully belongs." Possession was taken, a sale made and the money deposited as thus ordered, and a part of it has since been distributed by a final decree in the case.

This appointment of a receiver, even if one could have been appointed at any stage of the case, was absolutely void, as the bill had not been filed and no suit commenced at the time. *Merchants' & Manufacturers' Nat. Bank v. Circuit Judge* 43 Mich. 292. These proceedings were intended and operated as a substitute for an execution at law, and there was no equity stated in the bill. No levy was made on the property by virtue of the execution, and the court upon an *ex parte* application, upon the ground apparently that some of the mortgages were fraudulent in whole or in part, ordered possession to be taken of the property and the receiver to sell it in any mode or manner that to him might seem most advantageous. This is a most dangerous power to give to any man. The law has pointed out a way in which personal property may be seized and sold upon execution, and requires notice of such sale to be given, and the sale to be public. This, it is supposed, would afford some protection to owners or parties interested therein, but all such means

of protection were thrown aside in this case. Had the ordinary method been pursued, the mortgagees could have taken steps to protect their interests, and have an opportunity at least to be heard before condemnation, and could have had the question submitted to a jury. This right also was denied them. Their securities were in effect declared fraudulent, the property upon which they relied for protection ordered sold, and they then graciously permitted to come into a court of chancery and be heard in defense of their claims. As was said in *Arnold v. Bright* 41 Mich. 210: "The court of chancery has no more power than any other to condemn a man unheard, and to dispossess him of property *prima facie* his, and hand over its enjoyment to another on an *ex parte* claim to it." And subsequent cases in this court have very emphatically condemned the practice of resorting to these extraordinary remedies. There are other objections to the proceedings in this case but they need not be considered.

The decree must be reversed and the bill dismissed as to the appellants with costs of both courts, and the record will be remanded to the court below in order that the parties interested may take such further action as they may deem necessary and proper.

The other Justices concurred.