MERCANTILE TRUST Co. *v.* KANAWHA & O. RY. Co. *et al.*

(*Circuit Court, D. West Virginia.* July 13, 1889.)

**1. COURTS—FEDERAL—ANCILLARY JURISDICTION.**
     A suit was brought in the United States circuit court for Ohio for the fore-
     closure of a mortgage on defendant's railroad, which extends through Ohio
     and West Virginia. After the appointment of a receiver in that suit, com-
     plainant filed a bill termed an "ancillary bill," in the United States circuit
     court for West Virginia, reciting the proceedings in the first suit, and ex-
     hibiting a copy of the bill therein, and praying the court to take "ancillary
     jurisdiction" and furnish such relief as might be necessary to accomplish the
     purposes of the first suit, "and for such other and further relief as the nature
     of the case may require," etc. *Held,* that the bill should be dismissed. If the
     aid of the court in West Virginia is desired in enforcing the mortgage, it must
     be invoked by an independent suit.

**2. EQUITY—PLEADING—BILL TO FORECLOSE.**
     The bill cannot be regarded as an original bill seeking foreclosure, because
     it contains no sufficient description of the mortgaged premises, nor averment
     of facts essential to show complainant's right to foreclose, and such defects
     cannot be supplied merely by reference to the copy filed of the bill in the
     other suit.

In Equity.    On petition for ancillary proceedings.

*Alexander & Green, Simpson, Thacker & Barnum,* and *John E. Kenna,*
for complainant.

*E. B. Knight,* for defendant railroad company.

*J. B. Jackson,* for defendant Davis.

Before HARLAN, Justice, and JACKSON, J.

HARLAN, Justice.    The bill filed in this court, May 4, 1889, by the
Mercantile Trust Company, and which was spoken of in argument as an
"ancillary bill," shows that that corporation has heretofore filed in the
circuit court of the United States for the Southern district of Ohio, East-
ern division, "a bill of complaint against the Kanawha & Ohio Railway
Company, a corporation created and existing under and by virtue of the
laws of the states of Ohio and West Virginia, and having its principal
offices at Columbus, in said state of Ohio, and at Charleston, in said state
of West Virginia, seeking for the foreclosure of a certain indenture of
mortgage or deed of trust, dated the 1st day of May, 1886;" and that
"a portion of the line of railway and property owned by the said Kana-
wha & Ohio Railway, and subject to the lien of said mortgage, is situ-
ated within the district of West Virginia, and within the jurisdiction of
this court."

The remaining parts of the bill are in these words:

"And your orator respectfully refers to the said bill of complaint in the
circuit court of the United States for the Southern district of Ohio for a more
particular statement of the contents thereof, and for the terms and conditions
of said mortgage; and your orator files herewith a true copy of said bill of
complaint, and prays that your honors will take the same as a part of this an-
cillary bill, your orator making all the averments, and showing unto your
honors the same facts which are set forth in said bill filed as aforesaid.

"And your orator further shows that all the statements contained in said
     v.39F.no.6—22

bill are true, as it is informed and verily believes, and it repeats the same herein.

"And your orator makes the same corporation defendant in this cause that is named in said bill filed as aforesaid, and prays process against the said defendant, as in said bill it has already prayed.

"And your orator prays that your honors will make such orders and decrees, preliminary and final, as are prayed for in said bill by your orator in the circuit court of the United States for the Southern district of Ohio, Eastern division; and that your honors will make such other and necessary orders, judgments, and decrees as may be required in aid of said bill; and that your honors will take ancillary jurisdiction with the said circuit court of the United States for the Southern district of Ohio, Eastern division, and will give your orator all the relief which may be necessary to accomplish the purposes of filing said bill.

"And your orator prays in all respects as in said bill set forth, and prays such other and further relief as the nature of the case may require, and to your honors seem meet."

The case is now submitted upon a petition by the plaintiff, filed May 25, 1889, asking this court to take "ancillary" jurisdiction in aid of the suit brought in Ohio, and give the petitioner all the relief necessary to accomplish the purposes of the bill for foreclosure. To that end the petitioner asks that an order be entered "confirming and ratifying in all respects" the order in the circuit court of the United States for the Southern district of Ohio, appointing Robert W. Kelley receiver of the property of the Kanawha & Ohio Railway Company; also, that such orders and decrees be passed by this court "as shall be necessary or advisable in order to vest in said receiver the possession of said mortgaged property and the control over the same."

The case is also before the court upon the plaintiff's motion to set aside the ex parte order herein of March 15, 1889, making Erwin Davis a defendant, and to strike from the files the answer and cross-bill heretofore filed by him. Davis claims to be the owner of a large amount of the mortgaged bonds, as well as of each class of the stock of the railway company. In his cross-bill he denies that there has been any such default on the part of the mortgagor company as entitles the trustee to institute foreclosure proceedings, or that the railway company is insolvent, or, if properly managed, unable to pay its interest as it matures; that he is willing to take a 20-year lease of the railroad, and deposit in advance of the maturity of the interest coupons the amount necessary to meet them, the lease to be forfeited if such deposits are not promptly made; and that, if his proposition to lease be not accepted, he asks that a receiver be appointed of the mortgaged property within the jurisdiction of this court, who is wholly disinterested, and who is in nowise connected with the present management of the company's affairs.

It was frankly admitted at the argument that the plaintiff did not seek a final decree in this court foreclosing the mortgage of May 1, 1886, and ordering the property covered by it to be sold; that the purpose of the parties by whom or at whose instance the suit here was instituted was to have the entire mortgaged property administered under the orders of the court in Ohio, in which the suit for foreclosure was brought;

and that nothing was desired or expected from this court except an order approving or confirming the appointment of Kelley as receiver, and such other orders as may be necessary to vest in him the possession and control of such of the mortgaged property as was in this district.

In the brief submitted by the plaintiff's counsel since the oral argument was concluded it is suggested that if this court should deem an independent suit here for foreclosure necessary or proper before any order is made in respect to the mortgaged property in this district, the bill filed might be treated as an original bill seeking a foreclosure.

This proposition cannot be sustained. The bill filed in this court, regarded as an original bill for foreclosure, is defective, especially in that it does not sufficiently describe the mortgaged premises, nor show the terms and conditions of the mortgage, nor the amount secured by it, nor the sum due and unpaid by the mortgagor. It fails to show, by proper allegations, in conformity with the rules of equity pleading, that the plaintiff is entitled to maintain a suit for foreclosure, or to have a receiver appointed. Its right to have such relief should be made to appear by direct averments, and not simply by referring to a bill filed in another circuit, and making a copy of that bill part of the one filed in this court. It may be that a decree of foreclosure based upon the bill filed here could not be attacked collaterally as invalid or void. But we are of opinion that, in its present shape, and in view of the avowed object of this suit, that bill ought not to be regarded by this court as a sufficient basis for a decree of foreclosure in this court. The nature and extent of the relief asked should be indicated by clear and exact statements in the bill itself, apart from the exhibits.

The bill being defective as an original bill for foreclosure, and for the appointment of a receiver, we are next to inquire whether it is proper for this court to enter an order simply approving or confirming the appointment, made in an original suit in another circuit, of a receiver of the Kanawha & Ohio Railway Company. It was assumed by counsel that a determination of this question adversely to the plaintiff would be a repudiation of the decision in *Muller* v. *Dows*, 94 U. S. 444. But such is not the fact. In that case the circuit court of the United States for the district of Iowa passed a decree of foreclosure and sale of a railroad extending from a point in Iowa to a point in Missouri, and owned by a corporation formed by the consolidation of a corporation of Missouri with a corporation of Iowa. The entire line was covered by one mortgage and the suit for foreclosure was brought by the trustee. The mortgagors were also before the court, and the sale was made by a master at the instance of the trustee. There was no conflicting possession by any court in Missouri of the mortgaged property in that state. It was held that the decree was not void, so far as it directed the foreclosure and sale of that part of the railroad lying in Missouri, and that the trustee could be required by the court in Iowa to make a deed to the purchaser in confirmation of the sale. The case before us presents no question of that character. It is for the plaintiff to determine whether it will seek a final decree in the circuit court of the United States for the Southern district

of Ohio for the sale under the direction of that court alone, of the entire mortgaged premises, those in Ohio as well as those in West Virginia. But if it desires the active intervention of this court in respect to the mortgaged property in West Virginia, such intervention should only occur in a separate, independent suit, of which it may take cognizance, and in which, if proper or necessary to do so, this court may lay its hands upon the property within this district, and, if need be, administer it by a receiver directly amenable to its authority, for the benefit of all parties interested, of whatever state they may be citizens. The request that this court will simply confirm the appointment of a receiver, made in another circuit, and by its order invest that receiver with the possession and control of the mortgaged premises within this district,—no other relief being contemplated,—is, in effect, a request that this court will compel all who have claims and rights in respect to the mortgaged property situated in West Virginia to seek relief in the original suit for foreclosure pending in another state; and this, notwithstanding such parties may have the right, under existing legislation, to invoke the jurisdiction of this court, or of some court of general jurisdiction established by this state. It might be well if congress would so enlarge or regulate the jurisdiction of the courts of the United States as to enable a circuit court in which is brought an original suit for the foreclosure of a mortgage resting upon an interstate railroad to take actual possession, by its officers, of the entire line, and of all the mortgaged property, wherever situated, and administer it for the benefit of all concerned; preserving in that mode the unity of the railroad, and the just rights of mortgagors, mortgagees, creditors, as well as those of the general public interested in commerce among the states. But there has been no such legislation, and we do not see our way clear to effect any such result by judicial orders merely.

A good deal was said at the argument about the injury that might possibly ensue to mortgagors, mortgagees, creditors, and the public if an interstate railroad, covered by one mortgage, be placed under the management of different receivers, each acting under the orders of the court appointing him, and sold under separate decrees, rendered in distinct foreclosure suits brought in different circuit courts of the United States. Undoubtedly railroad property of that kind could be very materially injured in value, and the general public put to serious inconvenience, if the courts in which such separate suits are brought decline to act in harmony, or according to some fixed plan, in the administration and sale of the property. It is not, however, to be assumed that this court, if its jurisdiction is properly invoked in reference to this railroad, so far as it lies in West Virginia, will fail in any duty imposed upon it by law, or the comity prevailing between courts of equal dignity and authority.

It is unnecessary now to consider other questions discussed at the bar.

The plaintiff's petition, filed May 25, 1889, is denied, but without prejudice to any right it may have to institute a separate suit in this court for foreclosure, or to amend its present bill, so as to make this suit one of that character. If it does not so amend its present bill, within

40 days from the entry of this order, then this suit shall stand dismissed. It follows from what has been said that the order allowing Davis to become a party defendant must be and is set aside, and his answer and cross-bill stricken from the files, but without prejudice to any right he may have to become a party to the present suit, if the plaintiff amends its bill as above indicated.

Judge JACKSON, of the district court, authorizes me to announce his concurrence in the above views.