A. E. GUY, *as Receiver of J. H. Allen et al.*, v. D. P. DOAK *et al.*

1. RECEIVER—*Appointment, When Void.* A court or a judge at chambers has no power or jurisdiction to appoint a receiver when there is no action then pending.

2. ———— *Void Appointment.* Where a judge of the district court, by an order made at chambers, attempted to appoint a receiver on the 19th day of April, in an action that was not commenced until the 14th day of May of the same year, such appointment is absolutely void.

*Error from Kearny District Court.*

THE facts are sufficiently set forth in the opinion, filed June 6, 1891.

*Calhoun & Garwood, D. H. Ettien,* and *W. R. Hazen,* for plaintiff in error.

*Morgan, Lowrance & Mason,* for defendants in error.

Opinion by SIMPSON, C.: A. E. Guy, as receiver of J. H. Allen and A. P. Allen, filed his petition in the district court

of Kearny county on the 14th day of May, 1888, against D. P. Doak and A. T. Irvin, to recover the possession of 37 head of horses, 2 mules, 3 wagons, 400 tons of hay, and 218 head of cattle, alleged to be the property of the Allens. Guy claimed to have been appointed receiver in the action of Ott & Tewksbury, the Hamilton Land Company and M. F. Cooley v. D. P. Doak, A. T. Irvin, the Kendall Exchange Bank, and Thomas Doak, then pending in the district court of Kearny county, in which it was sought to foreclose certain chattel mortgages given to these parties by the Allens, and to determine the order of priority of liens between them and the defendants, and for other relief. · The receiver was authorized by the court to bring this action. The pleadings were filed and issues made up, and the cause came on for trial at the October term, 1888. After the evidence had been submitted in behalf of the receiver, the defendants demurred to the evidence for the reason that such evidence failed to show facts sufficient to constitute a cause of action against said defendants. The court sustained the demurrer, and, after hearing the evidence on behalf of the defendants, found that the defendant D. P. Doak is, and at the time of the commencement of this action was, the owner and entitled to the immediate possession of the property described in the affidavit for replevin in this action, and of the property obtained by the plaintiff under the order of delivery issued in said action. The court found the value of the property at $4,977, and that Doak had been damaged by its detention in the sum of $737.33; that Doak was entitled to a return of the property, and, in case it could not be returned to him, rendered judgment for above amounts, with interest. A motion for a new trial was overruled, all proper exceptions saved, and the cause brought here for review.

A preliminary question is raised upon the condition of the record. It is said that, because there are two distinct cases made, we cannot consider the errors assigned. The case of Ott & Tewksbury et al. v. Doak et al. and this case were tried together, and both determined on the facts applicable to each case. A petition in error is filed in each case, the record be-

ing attached to one, and referred to in the other. While the better practice would be to file the transcript with each petition in error, in this particular case we think justice can be best subserved by disposing of both cases without reference to the technical defect in the record. It seems that the ruling of the trial court was produced by the fact that the receiver was attempted to be appointed in the case of Ott & Tewksbury *et al. v.* Doak *et al.* on the 19th day of April, 1888, when the action was not commenced, or the papers filed, until the 14th day of May, 1888, many days before the commencement of an action, a receiver was appointed or attempted to be appointed in that action. As a receiver is ancillary to the action, like an order of attachment, or an injunction, we know of no theory by which such an appointment can be sustained. No action was pending. No state of facts that could give the court power to make such an order had been presented. We regard the order appointing a receiver under such circumstances as an absolute nullity. It is a self-evident proposition, that the court or the judge at chambers cannot make an order in an action until one is pending in his court. ·

Attention is called to the fact that, on the 30th day of July, 1888, the defendants in error appeared before the judge at chambers, at Garden City, in Finney county, and moved the court to remove the receiver for causes recited in the motion, and that this motion was overruled, and counsel assert that this ratifies the original appointment. It is a proposition too plain for argument, that at the time the receiver commenced this action he must have been legally appointed in order to maintain it. This record shows that an order appointing a receiver was made by the district judge of the twenty-seventh judicial district, at chambers, in Garden City, Finney county, on the 19th day of April, 1888, in the case of Ott & Tewksbury *et al. v.* Doak *et al.*, and that this order was filed in the district court of Kearny county on the 14th day of May, 1888. The bond of the receiver so appointed was filed and approved by the clerk of the Kearny county district court on the 14th day of May, 1888. It further shows, that an order was made by

the judge of the twenty-seventh judicial district, at chambers, in Scott City, Scott county, on the 9th day of May, 1888, authorizing the receiver to bring this action; this order being filed with the clerk of the district court of Kearny county on the 14th day of May, 1888, by instructions of the judge, made at chambers, in Kearny county, on the 9th day of May, 1888. The question presented seems at first glance to be difficult of solution, because it is very near the dividing line of two well-recognized principles. If it had not been for this motion, there is no doubt in the mind of the writer of this opinion but that these defendants in error could take advantage of the fact that no action was pending at the time of this appointment, and hence there was a total want of power or jurisdiction to make such appointment. But the defendants in error having made a motion to discharge the receiver for various reasons, (not including the non-pendency of the action,) and that motion having been determined against them, can they now be heard on the question of the want of power? At the time of the ruling on the motion to discharge the receiver, the court had undoubted power to appoint one. We find no case directly in point. *Baker v. Backus*, 32 Ill. 79, is one in which a receiver was appointed on an *ex parte* application at the filing of the bill to take possession of the property of a corporation which was not made a party to the action. Other creditors of the corporation who were made parties to the original bill, and who, by various acts pending the litigation, had recognized and dealt with the receiver both in and out of court, challenged the power of the court to appoint a receiver in the action, on the ground that there was no suit pending against the corporation. The supreme court of Illinois decided that the circuit court had no such power, and that the other creditors had such an interest in the franchise that they could assign this as error.

In the case of *Hardy v. McClellan*, 53 Miss. 507, the case came into the supreme court from a decree sustaining a demurrer to a petition by Josephine Hardy, the widow of Moses Hardy, to vacate an order made in the case of *McClellan v.*

*Moses Hardy's Heirs*, directing Bryan, as receiver, to pay over the money in his hands to McClellan. The widow contested the order, and in the course of the contest she petitioned the court to allow her to contest the legality of the appointment of the receiver. This the lower court would not do, and she appealed; and the supreme court say that the appointment was void, because no cause was pending at the time the receiver was appointed.

In the case of *Jones v. Schall*, 45 Mich. 379, a receiver was appointed on the 13th day of November; the bill to set aside certain alleged fraudulent chattel mortgages was filed on the 15th day of November of the same year. Possession was taken by the receiver, a sale made, and part of the money arising therefrom distributed by the final decree. The court say: "This appointment of a receiver, even if one could have been appointed at any stage of this case, was absolutely void, as the bill had not been filed and no suit commenced at the time." It seems in that case that some movement was made in the court below against the receiver, and the complaining parties appealed. And here they did not. So it seems, from a general consideration of these cases, that however much parties to the action may participate in the proceedings, and recognize for the time being an acting receiver, they still, at any stage of the action, may take advantage of the fact that the court had no power or jurisdiction to appoint a receiver at any time before the action was actually pending. Then, again, the adjudication on the motion to discharge the receiver would go no further than the allegations in the motion, and hence they were bound only to the extent that the receiver was an impartial person. It may be that, as the court at the time it heard the motion had the undoubted right and power to have then appointed a receiver, the acts of the receiver, after the adjudication on the motion, are valid and binding on all parties to the action, and especially as to these defendants in error. And this is probably the most favorable view that can be taken for the plaintiff in error, because it is clear that the action of the court on the motion could not reach back and validate an ap-

pointment that at the time it was made had no element of judicial power, or no jurisdictional ground to sustain it. We have been unable to find a single reported case anywhere that sustains a court in the appointment of a receiver before an action is pending, but, on the contrary, the text-books and reports are all against the existence of such a power. This seems to have been the controlling question on the demurrer to the evidence. The fair implication from the record, the proceedings subsequent to the demurrer, and the assertions and arguments of counsel on both sides, concur that the demurrer was sustained because it was necessary that Guy, having sued as receiver, must establish his authority and prove a legal appointment; and having failed to do this, the ruling was against him for that reason. If this was the controlling question, the ruling of the trial court was right.

We have to say, in reply to a suggestion of counsel for plaintiff in error, that we think that the demurrer reached the question of the illegal appointment. While we feel much reluctance, based on a general and equitable view of this case, in so doing, we are compelled by the mode of trial, the condition of the record, and the legal principles made applicable to the facts, as presented by this record, to recommend an affirmance of the judgment of the district court.

By the Court: It is so ordered.

All the Justices concurring.