BUCKEYE ENGINE CO. *v.* DONAU BREWING CO. *et al.*

*(Circuit Court, D. Washington. July 28, 1891.)*

1. CREDITORS' BILL—RETURN OF NULLA BONA.
    A creditors' bill cannot be maintained upon a judgment on which execution was issued and returned unsatisfied, when the return does not expressly show that there was no property subject to levy.
2. SAME—JURISDICTION OF FEDERAL COURTS.
    Federal courts have jurisdiction to entertain creditors' bills, although the demands are upon judgments rendered by a state court.
3. RECEIVERS—APPOINTMENT.
    The fact that property subject to levy under a judgment of a state court is unsalable by reason of its unmarketable condition, though valuable, and the further fact that the sheriff is so situated with reference to the property that he cannot execute the writ, is not sufficient to warrant the appointment of a receiver by a federal court.

In Equity. Creditors' bill.
*N. C. Richards* and *Holt & Hudson*, for plaintiff.
*Campbell & Powell*, for defendants.

HANFORD, J. The complainant, a corporation of the state of Ohio, shows by its bill that it is a judgment creditor of the Donau Brewing Company, a corporation of the state of Washington. A judgment in favor of the former and against the latter corporation was rendered by the superior court of Pierce county in this state. An execution was issued thereon, upon which the sheriff of Pierce county has made the following return:

"I received the annexed writ of execution on the 25th day of June, 1891, and by virtue of the same I did on the 25th day of June, 1891, levy upon and attach certain personal property of the defendant herein, the Donau Brewing Company, to-wit, a lot of malt, hops, lager-beer in tanks and kegs and vats and bottles, and also a lot of barrels, kegs, bottles, etc., and put a keeper in charge; and on the 15th day of July, 1891, the same was released by instructions of the attorney for the plaintiff, and the same is returned unsatisfied."

The bill also shows that the Donau Brewing Company is insolvent, and all of its property, real and personal, is incumbered by mortgages; that the sheriff of Pierce county, assuming to act under a statute of this state, has taken possession of the personal property in and about the defendant's brewery, and is proceeding to foreclose a chattel mortgage by the sale of said property, which mortgage the complainant alleges is invalid, and not in fact a lien upon said property. In a supplemental bill the complainant also shows that the defendant T. B. Wallace, a creditor of the brewing company, under an agreement or understanding between himself and the company, claims to have for several months past held possession of the brewery, and conducted its business as a means of security for payment of certain of the defendants' debts. The case has been argued and submitted upon an application for the appointment of a receiver. The defendants resist the application on the grounds that it appears on the face of the bill and supplemental bill that this court is without jurisdiction, and that the complainant is not entitled to relief in

equity. I hold that this court has jurisdiction of suits in equity by creditors whenever the facts justify the bringing of such suits under the general principles of equity practice, notwithstanding the fact that the demands rest upon judgments rendered by the state courts. But courts of equity are always chary of lending aid merely to answer the convenience of litigants, or in any case in which such aid is not required to prevent a failure of justice; hence the familiar rule that to entitle a judgment creditor to relief in equity he must show that he has exhausted all means for enforcing the judgment in his favor by legal process. The rule is universal that before a creditors' bill can be filed an execution must have been returned *nulla bona.* The fact that a writ has been issued and returned unsatisfied is not sufficient; the return must show as reason for its being unsatisfied that the officer could find no property whereon to make a levy,—something essentially different from the return above quoted. This return shows affirmatively that the officer did find goods of the defendant upon which he made a levy, and it does not show that by the ordinary proceedings the judgment could not have been satisfied out of the property so levied upon, nor that other property subject to the writ could not be found. The general rule that relief in equity will not be granted except in cases wherein the party seeking it has no plain, adequate remedy at law, so far as the practice in the national courts extends, has been emphasized by a positive statute, which operates as a limitation of the jurisdiction of this court. I refer to section 723 of the Revised Statutes.

The particular facts pleaded, which the plaintiff relies upon as showing necessity for relief in equity, viz., that the property levied on by the sheriff under the execution, although valuable, was unsalable by reason of its condition, and that it is necessary to have a receiver appointed in order to have the property made up in marketable condition, and the further fact that the sheriff of the county is so situated with reference to the property that he cannot execute the writ, do not strengthen the case in this court. By this plea the case takes the form of a mere auxiliary proceeding in aid of the process issued by another court,—the court which rendered the judgment, and which has ample power to issue process for its execution, and to grant any and every form of relief necessary or proper in aid of its own process. There is no allegation that the complainant has been or will be obstructed in proceeding in that court, and I am unable to discover any reason why this court should attempt to enforce a judgment over which it has no control, or to interfere in any manner with the process of the court which has full control of it. I think, under the circumstances, that to appoint a receiver to take charge of the defendants' business would sanction the practice of harassing defendants by a multiplicity of suits in different forums, and at great increase of unnecessary expenses, and would be an abuse of judicial discretion. The plaintiff's application for a receiver will therefore be denied, and the restraining order heretofore made will be vacated.