In re BRANT.

(Circuit Court. S. D. California. August 28, 1899.)

No. 722.

RECEIVERS—JURISDICTION TO APPOINT—EX PARTE APPLICATION.

A court has no jurisdiction to appoint a receiver for a corporation, either original or ancillary, except in a pending suit, and an ex parte application for appointment as an ancillary receiver will not be entertained.

This was a petition by Henry Brant for appointment as ancillary receiver for the American Building, Loan & Investment Society.

Holdridge O. Collins (Lorin C. Collins, Jr., and William Meade Fletcher, of counsel), for petitioner.

Graves, O'Melveny & Shankland, opposed.

WELLBORN, District Judge. In this matter the petition is entitled "Marcus M. Towle, Complainant, vs. American Building, Loan & Investment Society, Defendant," indicating the pendency here of a suit in equity. No such suit, however, has been brought in this court, and said title is erroneously employed. There is no defendant to the proceeding, but it is purely ex parte, and for this reason, namely, because no suit in equity is pending here, I hold that this court is without jurisdiction to appoint a receiver of any sort, either ancillary or original. 2 Daniell, Ch. Pl. & Prac. (6th Ed.) p. 1734, notes 10, a; Smith, Rec. p. 35, § 13; 2 Beach, Mod. Eq. Prac. § 721, note 6; Mercantile Trust Co. v. Kanawha & O. Ry. Co., 39 Fed. 337; High, Rec. §§ 83, 84; Baker v. Backus' Adm'r, 32 Ill. 96; Pressley v. Harrison, 102 Ind. 19, 1 N. E. 188; Jones v. Schall, 45 Mich. 380, 8 N. W. 68; Bank v. Circuit Judge, 43 Mich. 296, 5 N. W. 627; Guy v. Doak, 47 Kan. 236, 27 Pac. 968.

In 2 Daniell, Ch. Pl. & Prac. (6th Ed.) p. 1734, the text is as follows:

"Except in the cases of infants, the court has no jurisdiction to appoint a receiver, unless a suit is pending."

In 2 Beach, Mod. Eq. Prac. § 721, the text is as follows:

"Except in the cases of lunatics or infants, whose position as wards of the court gives them the right to apply by petition, or in cases similarly situated, it is a prerequisite to the power of a judge to act upon the application for a receiver that there should be a case pending in which the receiver is to be appointed."

In Baker v. Backus' Adm'r, supra, the court says:

"This power to appoint a receiver is most usually called into action either to prevent fraud, save the subject of litigation from material injury, or rescue it from threatened destruction. A receiver is defined to be an indifferent person between the parties, appointed by the court, and on behalf of all parties, and not of the complainant or one defendant only, to receive the thing or property in litigation, pending the suit. Edward, Rec. 3. In the English chancery it is held that a suit must be pending, save in peculiar cases, such as infancy and lunacy, before a receiver will be appointed. Anon., 1 Atk. 578; Ex parte Whitfield, 2 Atk. 315. Lord Hardwicke, in the last case, says expressly: 'The court has not a jurisdiction to appoint a receiver unless a cause was depending. The jurisdiction which a court exercises with respect to idiots and lunatics is a particular one.' The necessary implication from all these is, a suit being necessary, and the receiver appointed for all the parties to it, that he whose property is to be taken from him and placed in the power of a re-

ceiver should be a party to the pending suit. We think it is indispensable he should be a party, that he may resist the application, the granting of which may work to him irretrievable injury."

## In Pressley v. Harrison, supra, the court says:

"If an immediate necessity therefor is shown to exist, the application for a receiver may be entertained when the action is commenced, which, under the rule here, is when process is issued, or an appearance to the action is entered, in the manner recognized; but, as the appointment of a receiver in any case is a provisional remedy, auxiliary to the action or the relief prayed for therein, neither the court in term nor judge in vacation can acquire jurisdiction to appoint a receiver until there is an action pending. The application for a receiver is an interlocutory proceeding in a pending suit."

## In Jones v. Schall, supra, the court says:

"This appointment of a receiver, even if one could have been appointed at any stage of the case, was absolutely void, as the bill had not been filed at the time."

## In Bank v. Circuit Judge, supra, Judge Cooley, delivering the opinion of the court, says:

"The order appointing a receiver was void, for the reason that it was made when there was no suit pending."

## In Guy v. Doak, supra, the court says:

"So it seems, from a general consideration of these cases, that, however much parties to the action may participate in the proceedings, and recognize for the time being an acting receiver, they still, at any stage of the action, may take advantage of the fact that the court had no power or jurisdiction to appoint a receiver at any time before the action was actually begun. * * * We have been unable to find a single reported case anywhere that sustains a court in the appointment of a receiver before an action is pending, but, on the contrary, the text-books and reports are all against the existence of such a power."

The foregoing extracts show that the conclusion which I have reached as to lack of jurisdiction in this matter is supported by an unbroken line of authorities, and, after a full review of them, I do not see how the courts could have held otherwise; indeed, the contention that, because receiverships are matters of equitable cognizance, a receiver can be appointed through an ex parte procedure, and without suit, in cases other than the exceptional ones above instanced, now seems to me as untenable as would be the contention that a superior court, because of its general jurisdiction, has power to render judgment against the maker of a promissory note, without process or action against such maker, and on the ex parte application of the holder. The petition of Henry Brant will be denied, and the order of December 21, 1896, appointing W. K. Sullivan receiver, will be vacated.