GREENE v. STAR CASH & PACKAGE CAR CO.

(Circuit Court, D. Connecticut. January 30, 1900.)

ANCILLARY RECEIVERS—APPOINTMENT.

An order making an ex parte appointment of G. as ancillary receiver of a corporation will be vacated, there not only being no suit pending in the jurisdiction making the appointment, but the appointment being on application of G., alleging his appointment as receiver in the federal court for another district, in a suit by L., and relief being sought in such suit, not by G., but by L. only, and G. having been appointed receiver therein after counsel claiming to represent the corporation, and desiring to be heard on its behalf, had been informed by the clerk of such court that no such suit had been instituted.

Henry C. White, for complainant.
Brown & Perkins, for defendant.

TOWNSEND, District Judge. On motion to vacate an order, granted ex parte, appointing Gardiner Greene, of Connecticut, ancillary receiver on his own application, wherein he alleged his appointment as receiver in the circuit court of the United States for the district of West Virginia, in a suit brought by Wilbur F. Lakin for the dissolution of the defendant corporation. The case relied on by counsel for Greene, opposing the motion, is Platt v. Railroad Co. (C. C.) 54 Fed. 569, where the court said as follows:

"In Mercantile Trust Co. v. Kanawha & O. Ry. Co. (C. C.) 39 Fed. 337, Justice Harlan and Judge Jackson held, in a formal opinion, that the circuit courts of the United States cannot take jurisdiction of a bill whose only purpose is an ancillary receivership; but in other districts such bills have been frequently entertained and acted upon, generally, if not always, on ex parte proceedings, and without argument. The same has been done ex parte on several occasions in this court. We will at present follow this practice; stating, however, that this is without prejudice to a full consideration of the question if hereafter a motion is made to dissolve or annul the order."

On the other hand, the opinions of Mr. Justice Harlan in Mercantile Trust Co. v. Kanawha & O. Ry. Co., supra, and of Judge Wellborn in Re Brant (C. C.) 96 Fed. 257, are to the effect that a court has no jurisdiction to appoint a receiver, except in a pending suit. In the latter case the authorities are cited, collected, and discussed. It is not necessary, in the disposition of this motion, to pass on the question raised in the above-cited cases. Here not only is no suit pending in this jurisdiction, but the application for appointment of the ancillary receiver is not made by Lakin, the only party seeking relief in the circuit court in West Virginia. This bill is filed by the receiver appointed in that suit, who is merely an officer of the West Virginia court, who is not aggrieved, and who is not seeking any relief. It appears that the questions relating to the organization of this corporation, the status of its officers, and the ownership of its property, have long been the subject of litigation in the courts of this state, and that, shortly after the state court had found that said Lakin was acting collusively in certain suits affecting the property of the corporation in Connecticut, he instituted said suit in the circuit court of West Virginia, and this petitioner was appointed receiver therein, after counsel claiming to represent the said corpora-

tion, and desiring to be heard on its behalf, had been informed by the clerk of said court that no such suit had been instituted or was pending. In these circumstances, the rights of the parties claiming to represent this corporation should not be prejudiced by the appointment of a receiver ex parte. The motion to vacate is allowed.