[No. 14139.   Department Two.   July 23, 1917.]

GRAYS HARBOR COMMERCIAL COMPANY, *Respondent*, v. L. R. FIFER, *as Fifer Lumber Company, Appellant.*[1]

RECEIVERS — APPOINTMENT — GROUNDS — COMPLAINT—SUFFICIENCY. The court has no power to appoint a receiver of a corporation in an action at law upon an open account where the complaint does not indicate in any way that any kind of equitable relief is asked, there being no showing that would even bring the case within Rem. Code, § 741, subd. 6th, providing for the appointment of receivers in "such other cases as may be provided by law, or when, in the discretion of the court, it may be necessary to secure ample justice to the parties."

Appeal from an order of the superior court for King county, Tallman, J., entered November 6, 1916, appointing a receiver.  Reversed.

*Walter Metzenbaum*, for appellant.

*Baxter & Jones*, for respondent.

HOLCOMB, J.—On October 31, 1916, the plaintiff brought a suit in the superior court of King county against L. R. Fifer, doing business as the L. R. Fifer Lumber Company. The complaint is in form the one ordinarily used in stating an action at law upon an open account.  The capacity of the corporation to sue is set out, and the last paragraph of the complaint alleges that the defendant has become indebted to the plaintiff in the sum of $160.08 for lumber and shingles purchased from it during the last three years preceding the

[1]Reported in 166 Pac. 770.

commencement of the action.  A demand is made for judgment for the $160.08, together with costs and disbursements. The complaint does not seem to indicate in any way that any kind of equitable relief is asked.  The record shows that, on the date of the filing of this complaint, an order to show cause was made, upon the motion of plaintiff's counsel, and was made returnable on November 3, 1916.  This order requires the defendant to appear on the last named date and show cause why a receiver should not be appointed.

Appellant's brief states that, at the time plaintiff's complaint was filed, it was accompanied by an affidavit of one of the attorneys for the plaintiff which stated facts that would tend to show that equitable relief was to have been asked for.  This affidavit, although referred to in the brief as being in the record, does not appear therein.

On November 3, 1916, Mark Munson was appointed receiver of L. R. Fifer.  The formal order was filed November 6, 1916.  Since that date, no action seems to have been taken other than the bringing of this appeal, which appeal is taken from the order of the court appointing a receiver.

The appellant's one assignment of error is that the court erred in appointing a receiver *pendente lite* of the goods and effects of the defendant.  The argument is directed along two lines, the first being that the court was without jurisdiction; if this should not be sustained, then that there was a wrongful exercise of discretion.

If there exists any legal justification, it is probably based upon the 6th subdivision of Rem. Code, § 741, and that is the reason recited in the order for the appointment made herein.  It clearly could not be founded upon any of the other five subdivisions of that section.  The 6th subdivision of § 741 is as follows:

"And in such other cases as may be provided for by law, or when, in the discretion of the court, it may be necessary to secure ample justice to the parties: Provided, that no party or attorney or other person interested in an action shall be appointed receiver therein."

Even under this statutory authority, the "discretion of the court" is to be exercised only when "it may be necessary to secure ample justice to the parties."

As a rule, in law actions, there are adequate auxiliary law remedies. It is only in extraordinary instances where the ordinary auxiliary law remedies will give no adequate and speedy relief, that the aid of equity can also be invoked to assist in preserving the fruits of a law action.

A receivership is merely ancillary to the main cause of action, and is not an independent remedy. The appointment of a receiver can be invoked only in a pending suit brought to obtain some relief which the court has jurisdiction to grant, and cannot be employed to determine finally the rights of the parties. *American Loan & Trust Co. v. Toledo, C. & S. R. Co.,* 29 Fed. 416; *Leary v. Columbia River & P. S. Nav. Co.,* 82 Fed. 775; *In re Brant,* 96 Fed. 257; *Vila v. Grand Island Elec. Light, Ice & Cold Storage Co.,* 68 Neb. 222, 94 N. W. 136, 97 N. W. 613, 110 Am. St. 400, 63 L. R. A. 791; 4 Ann. Cas. 59.

As a general rule, in the absence of special circumstances showing the necessity for placing the property in the custody of the court, a court of equity will not appoint a receiver when the party seeking relief has an adequate and complete remedy at law. *Pearce v. Jennings,* 94 Ala. 524, 10 South. 511; *McElwain v. Willis,* 9 Wend. (N. Y.) 548.

The power to appoint a receiver is never exercised if any other safe and expedient remedy can be used. *Corey v. Long,* 43 How. Pr. 492, 497.

A receiver will not be appointed if garnishment, execution, and attachment will enable the creditor to reach the property sought. *Tumlin v. Vanhorn,* 77 Ga. 315, 3 S. E. 264; *Buckeye Engine Co. v. Donau Brewing Co.,* 47 Fed. 6; *Starr v. Rathbone,* 1 Barb. (N. Y.) 70; *Pelzer v. Hughes,* 27 S. C. 408, 3 S. E. 781.

This court has adopted the rule that the right to appoint receivers, which is vested in the courts, should be exercised

only when it is clearly shown that it is necessary to prevent the defeat of justice. *Roberts v. Washington Nat. Bank,* 9 Wash. 12, 37 Pac. 26.

In the case of *Ridpath v. Sans Poil & Columbia River Ferry Transp. Co.,* 26 Wash. 427, 67 Pac. 229, the court, at p. 431, says:

"While the power to appoint a receiver to manage the business of a corporation, pending an action between parties over their respective rights therein, exists in courts of general jurisdiction, it is a power, nevertheless, which should be exercised with caution, and only under such circumstances as seem to demand exemplary relief. To appoint such a receiver is the exercise of an extraordinary remedy, and is to be resorted to only when the ordinary remedies are inadequate. The purpose of such an appointment is to prevent the defeat of justice. . . . A litigant in such a cause cannot, therefore, prior to the determination of his asserted claims, demand the appointment of a receiver as a matter of right. He must show some necessity for the extraordinary remedy; . . ."

The application for a receiver must be supported by evidence that the appointment of a receiver is necessary. The mere statement that there is danger of fraud, mismanagement, etc., is not sufficient. *Haines v. Carpenter,* Fed. Cas. No. 5,905; *Baker v. Backus,* 32 Ill. 79; *Brundage v. Home Sav. & Loan Ass'n,* 11 Wash. 277, 39 Pac. 666.

The court may appoint a temporary receiver *pendente lite,* but the complaint must state a cause of action for such appointment. *Sullivan Elec. Light & Power Co. v. Blue,* 142 Ind. 407, 41 N. E. 805.

In an application for the appointment of a receiver, the plaintiff must show, (1) either that he has a clear right to the property itself, that he has some lien upon it, or that the property constitutes a special fund to which he has a right to resort for the satisfaction of his claim; and (2) that the possession of the property by defendant was obtained by fraud, or that the property itself, or the income arising from it, is in danger of loss from neglect, waste, misconduct, or

insolvency.    34 Cyc. 19; *O'Mahoney v. Belmont,* 62 N. Y. 133; *Thompson v. Adams,* 60 W. Va. 463, 55 S. E. 668; *Union Boom Co. v. Samish Boom Co.,* 33 Wash. 144, 74 Pac. 53.

Until a creditor has obtained a judgment at law for his demand against the debtor, and the return of an execution unsatisfied, an action in equity will not lie to reach assets and apply them to the payment of a moneyed demand arising upon a contract, express or implied. Allegations of insolvency do not change this rule. *Adee v. Bigler,* 81 N. Y. 349; *Estes v. Wilcox,* 67 N. Y. 264.

No sufficient showing was made in this case upon any theory whatever to warrant the appointment of the receiver. The order is reversed.

ELLIS, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.