[No. 19932.   Department One.   July 21, 1926.]

BERTHA GAHAGAN, *Respondent,* v. MRS. L. B. WISNER, *Appellant,* NELLIE ATTWOOD *et al., Defendants.*[1]

[1] CHATTEL MORTGAGES (74)—RECEIVERS (8)—FORECLOSURE—APPOINTMENT OF RECEIVER—GROUNDS—PRESERVATION OF PROPERTY. In an action to foreclose a chattel mortgage upon hotel furniture, the appointment of a receiver pending the action is not justified where there was no showing that defendant was using the mortgaged property in any other way than the usual operations of a hotel or that she was threatening to remove or damage it or permit waste; in view of Rem. Comp. Stat., § 741, providing for the appointment of a receiver only in case the property is being lost, removed or materially injured or where the court finds it necessary to secure ample justice.

Appeal from a judgment of the superior court for King county, Kuykendall, J., entered December 8, 1925, upon findings in favor of the plaintiff, in an action to reform and foreclose a chattel mortgage, and appoint a receiver, tried to the court.   Reversed.

*Chester & Pixley,* for appellant.

*Jay C. Allen* (*Everett O. Butts,* of counsel), for respondent.

BRIDGES, J.—The sole question involved on this appeal is whether the trial court was justified in appointing a receiver.

In February, 1925, and prior thereto, the plaintiff was the owner of a lease of a building located in the city of Seattle and also of the furniture therein. This property was operated by her as a hotel or lodging house. The lease had some three years yet to run. During the month mentioned, she sold and assigned the lease to a Mrs. Attwood and, at the same time, sold to her the furniture in the building and gave her a bill of

[1]Reported in 247 Pac. 965.

sale thereto. A part of the purchase price was paid down and a chattel mortgage on the hotel furniture was given to secure the balance. Mrs. Attwood operated the hotel for some months, making the monthly payments as provided in the mortgage, and in October of the same year, sold and assigned the lease to the defendant Mrs. Wisner, and at the same time sold to her the hotel furniture, giving a bill of sale thereto. At once thereafter, Mrs. Wisner went into possession of the property and continued, and still continues, to operate it as a hotel or lodging house. One or more of the monthly payments being past due, the plaintiff brought this action against Mrs. Attwood and Mrs. Wisner to reform the mortgage, so that it would cover not only the hotel furniture but also the lease, alleging that it was the agreement that the mortgage should cover the lease, but that, by mutual mistake, it had been omitted therefrom, which facts were known by Mrs. Wisner when she bought the property. The further purpose of the action was to obtain judgment for the amount due and to foreclose the mortgage as reformed. It was further alleged that, if the furniture were taken or removed from the premises, it would have but little value; that its main value lies in the fact that it is furniture in a going hotel, and that, if the defendants are permitted to continue using the furniture during the foreclosure proceedings, the security will be greatly lessened, and, if the hotel is closed or the furniture removed, the plaintiff would be greatly damaged.

Based on these allegations, the plaintiff sought the appointment of a receiver to take charge of and operate the hotel, pending the disposition of the suit. She also filed some affidavits in support of her request for a receiver, wherein it is charged that Mrs. Wisner assumed and agreed to pay the note and discharge the

mortgage and that, at the time she bought the property, she knew that it was the intention of the mortgagor and mortgagee that the mortgage should cover, and was intended to cover, the lease. Mrs. Wisner, in an affidavit, admitted that she had bought the property of Mrs. Attwood and that the latter had given to the plaintiff a chattel mortgage on the furniture, and alleged that she was operating the hotel in the usual way, using the furniture covered by the chattel mortgage in so doing, but denies that she assumed or agreed to pay the indebtedness of Mrs. Attwood to the plaintiff, and denies that she had any knowledge that it was the intention that the mortgage should cover the lease as well as the furniture, or that the lease had been omitted from the mortgage through mutual mistake.

Upon this showing, the court appointed a receiver, who afterwards qualified, and Mrs. Wisner has appealed, giving a supersedeas bond.

[1] There is no showing that the appellant is using the mortgaged property in any way other than as is usual in the operation of the hotel, or that she is threatening to remove the furniture, or is damaging it, or permitting waste.

We think the showing wholly insufficient to justify the appointment of a receiver. Section 741, Rem. Comp. Stat. [P. C. § 8414], provides that in the foreclosure of a mortgage, a receiver may be appointed when it is shown that the property is in danger of being lost, removed or materially injured, or for any other reason when, in the discretion of the court, it may be necessary to secure ample justice to the parties. We have held that a receiver will be appointed only when it is necessary to prevent fraud, protect property from injury, or preserve it from destruction. *Brundage v. Home Savings & Loan Association,* 11 Wash. 277, 39 Pac. 666. We have also held that, in a suit to fore-

close a mortgage, a receiver will be appointed only when there is a showing that the possession of the property by the defendants was obtained by fraud, or that the property itself is in danger of loss through neglect, waste, misconduct or insolvency. *Grays Harbor Commercial Co. v. Fifer,* 97 Wash. 380, 166 Pac. 770.

The appointment of a receiver is an extraordinary remedy and is justified only under extraordinary circumstances. When the respondent took her mortgage, she knew that the mortgaged property would continue to be used in the operation of the hotel. She also knew that her vendee, Mrs. Attwood, might sell to someone else. There is a dispute as to whether Mrs. Wisner purchased the lease, knowing that it was the intention that it would be covered by the mortgage.

The appointment of a receiver and the operation of the hotel by him would not very materially assist the respondent. She would still have to prove that the appellant knew that it was the intention to include the lease in the mortgage, and she would still have to foreclose her mortgage. It is true that the receiver might continue to operate the hotel and thus keep it a going concern, but the respondent must have known, when she took her mortgage, that Mrs. Attwood, or any person to whom she might sell, might cease to operate the hotel, and thus the furniture covered by the mortgage might have to be removed and its value thereby lessened. On the other hand, to appoint a receiver would manifestly be to the great detriment of the appellant, because she would be dispossessed of her property and, in all likelihood, the expenses of receivership have to be made out of her property. If she were committing waste, or unnecessarily injuring or damaging the property covered by the mortgage, or threatening to remove it from the hotel, a different situation would arise. But

there is no charge against her that she is doing anything that she ought not to do. Under these circumstances, there is no justification for appointing a receiver.

The case is reversed, and remanded with instructions to the trial court to set aside his order appointing a receiver.

TOLMAN, C. J., FULLERTON, HOLCOMB, and ASKREN, JJ., concur.