JAMES E. MURNE, PLAINTIFF IN ERROR,

*v.*

SCHWABACHER BROS. & CO., DEFENDANTS IN ERROR.

While the Statute of 1875, authorizing the District Judges at chambers in vacation to hear and determine certain matters, among which was the rendition of a final judgment against a party by default—a judgment by default was rendered at chambers in Seattle, in a cause pending in the Court at Port Townsend, in the same judicial district: *Held,* valid, it being the intention of the legislature to have all the Courts in the district open at all times for the transaction of such business.

A right to execution and supplementary proceedings on a judgment under the statutes in force prior to 1881, could not be cut off by Chapters XXIX. and XXX. of that Code, without the allowance of a reasonable limitation of time.

The affidavit in supplementary proceedings may, with permission, be amended, to conform to the original proceeding.

The supplemental proceeding under the Code, subsequent to judgment and execution, is intended to serve the end of a creditor's bill, and is therefore to be heard and determined by the Judge without a jury.

When a new party should be brought in an action.

ERROR to Third District.    Terms at Seattle.

Schwabacher Brothers brought an action against James E. Murne, in the District Court holding terms at Port Townsend, on a money demand, and obtained judgment against him by default before the Judge of the district, at his chambers at Seattle, in February, 1876.    Execution was issued on the judgment December 29, 1881.    The judgment remaining unsatisfied, affidavit was made under the statute relating to supplemental proceedings, and Murne was arrested, and brought before the Judge to answer respecting his property; and after an examination of witnesses and a hearing had, Murne was ordered to turn over moneys to apply upon payment of the judgment; and refusing to do so, he was committed as for a contempt.

*J. R. Lewis,* for Plaintiff in error.

Instead of a statement of points and citation of authorities, the brief of counsel was an able review of the history and growth of the right of trial by jury at the common law; its guaranty under the federal constitution; its security in the organic law of this Territory, and its jealous fostering throughout our Code system.    His contention was that this proceeding pre-

sented issues upon a number of questions of fact, respecting which, from their nature, plaintiff in error was entitled to a trial by jury, according to the course of law trials; that, intrinsically, such questions were for the jury; and that the proceeding could not be so named or so framed as to cut the party off from his constitutional right, contrary to his will.   In the course of the argument the following authorities were referred to:   (*Parsons* v. *Bedford*, 3 Peters, 446–7; Story on the Constitution, Secs. 1763, 1768, 1769, 1780; *Davis* v. *Robinson*, 10 Cal. 411; *Johnson* v. *Goodtime*, 1 W. T. 484; Coke on Lit., 155 b; 3 Black. Com. *350; *Ex parte* Grace, 12 Iowa, 208; *Taylor* v. *Porter & Ford*, 4 Hill, 140.)

*McNaught, Terry, McNaught & Mitchell*, for Defendants in error.

The proceeding is statutory, and not according to the course of the common law, and therefore trial by jury cannot be demanded.   (Code of Washington Territory, page 100, Sec. 381; Proffat on Jury Trial, Secs. 84, 86, 87, 105; Sedgwick on Statutory and Constitutional Law, p. 490, note.)

The fifth and seventh amendments to the Constitution of the United States impose limitations on the General Government, and do not apply to the States.   (Cooley on Constitutional Limitations, Sec. 19 and note 1; *Barron* v. *Baltimore*, 7 Peters, 243; *Livingston's Lessees* v. *Moore*, 7 Peters, 469, 552; *Purvear* v. *Commonwealth*, 5th Wallace, 475; *Smith* v. *Maryland*, 18 Howard, 71; *Withers* v. *Buckley*, 20 Howard, 84.)

The right of trial by jury is not conferred by Section 1, but by Section 204 of the Code.   (1st Bishop on Criminal Law, Section 159; *McNeil* v. *Holbrook*, 12 Peters, 84; *Elmundorf* v. *Taylor*, 10 Wheaton, 152; *Maryland* v. *Southard*, 10 Wheaton, 1; *Swift* v. *Tyson*, 16 Peters, 1; *Walter* v. *Tapley*, 18 Howard, 520; *Delmas* v. *Insurance Co.*, 14 Wallace, 665; Revised Statutes of Illinois, 1874, page   .)

If execution is issued within five years from the date of judgment, *alias* may be issued at any time during the life of the judgment, and so may supplemental proceedings lie.   (Statutes 1877, p. 8, Sec. 27; p. 67, Sec. 328; Freeman on Executions, Secs. 51, 83, and 392 to 407.)

An execution issued on a dormant judgment is not void, but voidable. (Freeman on Judgments, Sec. 442 ; *Mariner* v. *Coon*, 16 Wis. 490 ; *Bellinger* v. *Ford*, 21 Barbour, 312.)

The amendment of the affidavit was properly allowed. (Code of 1881, Sec. 109 ; *Neale* v. *Neale*, 9 Wallace, 1 ; *Tremaine* v. *Hitchcock*, 23 Wallace, 518.)

The proceeding is of an equitable character, and therefore the right of trial by jury cannot be claimed. (Freeman on Executions, Secs. 392 and 394 ; *McCullough* v. *Clark*, 41 Cal. 298 ; *In re Remington*, 7 Wis. 643.)

The rights of appellee should be determined by the Statute of 1877, and not by the Code of 1881. (Code of Washington, 1881, Sec. 760 ; Wade on Retroactive Laws, Secs. 191, 195, 196, 200, 202, 205.)

Although a motion for a new trial is not necessary to enable a party to take an appeal or sue out a writ of error, yet if a motion is made, the plaintiff in error or appellant will, in the appellate Court, be confined to the causes alleged in his motion. (24 Cal. 367 ; 25 Ibid, 479 ; 27 Ibid, 408 ; 28 Ibid, 162; Powell on Appellate Proceedings, 132, note ; *Stanton County* v. *Canfield*, 10 Neb. 389.)

Opinion by GREENE, Chief Justice.

This was a supplementary proceeding based upon affidavit, under Chapter XXXV. of the Code. Plaintiffs in execution had the defendant Murne arrested, agreeably to Section 381, and brought before the Judge. Witnesses were thereupon examined, and a trial had without a jury. As a result, there was a finding that defendant had certain property in his hands, which he was unjustly refusing to apply toward the satisfaction of the judgment. Upon this finding, the Judge ordered defendant to make such application, and in default thereof to be committed as for a contempt. From this order defendant seeks relief in this Court.

First, it is said that the judgment upon which the execution issued was void, because not rendered in term time. It appears to have been rendered by the Judge, sitting at his chambers in Seattle, while the cause was pending at Port Townsend. As the case was a default done, and came to judgment in February,

1876, while the Statute of 1875, authorizing the District Judges, at chambers in vacation, to hear and determine all matters whatever not requiring the intervention of a jury, including a final judgment against a party in default, was in force, we think the judgment should be deemed good. The obvious intent of the legislature in that statute, though not in terms so stated, was to have all the Courts in each district open at all times for the transaction of certain specified business ; and to provide that for the uniform speeding of causes throughout the district, such business might be passed upon by the Judge, wherever in the district he might happen to be.

It is further objected that, as more than five years have elapsed since the rendition of this judgment, it is now dormant, and no proceedings looking to its satisfaction will lie until it has been revived. We think this would be true, were Chapters XXIX. and XXX. of the Code to be held operative against these judgment creditors. But that cannot be. Their judgment, at the date of the adoption of the Code, had been in being more than five years, and within those five years they had issued execution upon it. Under the then existing law, they thus had still a live judgment, and a right to issue execution and institute a supplementary proceeding on it at any time. That right was a valuable and vested right. Power to exercise it might, by a new statute, have been limited to expire at the end of a reasonable time, but it could not have been summarily taken away without limitation.

Again, it is objected that the affidavit was erroneously allowed to be amended. It described the judgment, which was in fact against two defendants, as if it were against one. An amendment was permitted, making the description conform to the fact. This might not have been proper, had the supplementary proceeding been independent of the original action. But it was a proceeding in, or in continuation of, that action, drawing readily thence data whereby it could be amended, and certainly amendable within the very liberal rules prescribed by Sections 109 and 113 of our Code.

A fourth objection is, that plaintiff in error was, against his protest, denied a trial by jury. He contends that a jury trial was his constitutional right, under the 5th and 7th Amendments

to the Constitution of the United States.   We are clear that these constitutional amendments are part of the organic law of the Territory, but they do not avail to give a trial by jury in an equity cause.   This supplemental proceeding is of equitable jurisdiction, intended to serve the end of a creditor's bill, and is to be heard and determined by the Judge as a chancellor, with or without the assistance of a jury, as he may desire.   Such seems to be the generally adopted theory respecting proceedings of this sort.   *Ex parte Grace* (12 Iowa, 208), though in point, is not followed by Courts outside of Iowa.   Its reasoning does not convince us that we ought to follow it.   If the reasoning it pursues is to lead to the conclusion it reaches, then we do not see but that a trial by jury on an issue of fraud is, in every chancery as well as every law case, a constitutional right.

The last objection we shall notice is, that another person should have been made a party to the proceeding.   On this we have had considerable difficulty.   Looking at the testimony before us, we cannot help thinking that John Elwood, who is asserted by some witnesses to have an interest in the property, should, in equity and good conscience, have been called in as a party.   At the same time, Chapter XXXV. does not seem to contemplate such a thing, and makes no provision for it.   After much consideration, we have come to the opinion that the case falls within Section 20 of the Code, requiring that " when a complete determination of the controversy cannot be had without the presence of other parties, the Court shall cause them to be brought in."   By an order to show cause, or by some other reasonable notice, any party whose rights are involved can readily be brought into a proceeding of this character.   A new party should be brought in whenever, in the progress of the proceeding, and before the final order, there appears reason to believe that he owns an interest in the money or other property sought to be subjected to the judgment.   In so holding, we simply give full effect to the idea that this is a matter of equitable cognizance, to be heard and adjudicated as fully and with as careful regard to the rights of all interested, as though it were an original suit.

This cause, though properly in equity, has been brought up here by writ of error.   No exception has been taken in brief or

argument on this score.    We shall, therefore, give judgment as
if it were regularly here as a case at law.    Let the final order
of the District Court be reversed, and the cause remanded for
further proceedings, with direction to bring in such other party
or parties as may be right and equitable.