4   519
6   341
30* 660
33* 872

[No. 413.   Decided July 7, 1892.]

HENRY T. DITTENHŒFER, JULIUS L. HASS AND ISAAC L.
WHITE, *Respondents*, v. CŒUR D'ALENE CLOTHING COM-
PANY, ST. PAUL GERMAN INSURANCE COMPANY AND
HEKLA FIRE INSURANCE COMPANY, *Appellants*.

APPEAL—TRANSCRIPT—NOTICE—STATEMENT OF FACTS—GARNISHMENT
SERVICE—WHEN FOREIGN CORPORATIONS SUBJECT TO.

The fact that a transcript is two days late in reaching the supreme
court will not work a dismissal of the appeal.

Where appeal is taken by a garnishee defendant alone, it is not
necessary that notice of appeal should be given the original judgment
defendant, nor other garnishees.

The fact that the statement of facts and transcript are mingled
together will not be ground for striking any portion when the whole
is certified by the judge and clerk, both as statement and transcript.

A statement of facts will not be struck from the record on the
ground that counsel were not notified of the time and place of its

settlement, when the judge certifies that the statement was settled and certified "in the presence of the attorneys of the respective parties.

Although under § 2722, Gen. Stat., a notice of garnishment must be served personally upon the attorney of a foreign insurance company in order to attach the property of a foreign corporation to which the insurance company is indebted, yet where the notice of garnishment was left with a third person in the attorney's office while he was absent from the state, the attorney's subsequent answer in the garnishment proceedings is sufficient to uphold the jurisdiction.

Where the right to do business in a state is conceded to a foreign corporation by statute, wherein there is a condition that it shall appoint an attorney upon whom service in any proceedings in the courts of the state may be made, the corporation becomes a resident of the state, and subject to garnishment proceedings.

*Appeal from Superior Court, Pierce County.*

Action by Dittenhœfer, Hass & Co. against the Cœur d'Alene Clothing Company, principal defendant, and the St. Paul German Insurance Company and the Hekla Fire Insurance Company, garnishee defendants. Judgment for plaintiffs, and the garnishees appeal.

*M. J. Gordon*, and *J. S. Whitehouse*, for appellants.

*Pritchard, Stevens, Grosscup & Seymour*, for respondents.

The opinion of the court was delivered by

STILES, J.—The mere fact that the transcript was two days late in reaching the clerk of this court should not, in our judgment, work a dismissal of the appeal. Nor does there seem to have been any necessity for giving the original judgment defendant notice of the appeal. It was not a party to the garnishment order, decree or judgment, and was not mentioned in it, except by incidental reference. And the like remark is true of the North Pacific Insurance Company. Each garnishee stands alone, and is not interested in orders made against others.

In response to the motion to strike the statement of facts, or at least parts of it, because various papers, journal entries, orders, affidavits, etc., are mingled together, when they clearly ought to have been separated, or that part should constitute the transcript and part the statement, we can only enter a denial, since the whole thing seems to have been certified by both the judge and the clerk, both as statement and as transcript. In this instance the arrangement adopted is not amiss, since the chronological order of the case is well preserved. The motion is also based upon the statement that the original, and not a copy of the statement of facts has been sent up. The only evidence of the delinquency which appears is that the judge's signature is evidently an original and not a copy; but the clerk certifies that the statement here is a copy, and he includes it in his transcript as the statute requires. Again, counsel say that they were not notified of the time and place of settling the statement of facts; but the judge certifies that the statement was settled and certified "in the presence of the attorneys of the respective parties," which concludes the matter.

The appellants here are the St. Paul German Insurance Company and the Hekla Fire Insurance Company. The respondents were citizens and residents of the State of Oregon, and had a claim for goods sold against the Cœur d'Alene Clothing Company, of Wallace, Idaho, which they sued upon in the superior court of Pierce county, August 1, 1890. On the same day the respondents caused a writ of attachment to be issued against the Cœur d'Alene Clothing Company, as a foreign corporation. Appellants were foreign fire insurance corporations doing business regularly in Washington, with a statutory attorney resident at Tacoma. The sheriff of Spokane county served garnishment notices upon appellants' soliciting agent at Spokane, intending thereby to secure the claim of respondents upon insurance money due, or about to become due, from appellants

to the Cœur d'Alene Clothing Company, which had recently sustained a loss by fire. These notices were served August 5, 1890, and the agent returned $1,000, as claimed from each of the appellants by the insured, "subject to our adjustment." On the first day of August, 1890, the sheriff of Pierce county attempted to make service of notices of garnishment under the same writ of attachment upon the attorney of the appellants residing at Tacoma, under Gen. Stat. § 2722. But the attorney was absent from the state and the notices were left with a third person in his office. On the 3d day of October, 1890, the attorney addressed a letter to the sheriff of Pierce county, referring to the notice of garnishment served on him August 1st, and to the policies for $1,000 each, and added: "This amount is retained in my hands subject to the order of the court, but does not become due until October 29th." On the 11th of December, 1890, the court rendered judgment by default against the principal defendant for $2,648.24, and against the appellants for $1,000 each.

1. As to the service upon the soliciting agent at Spokane, the act of March 27, 1890, § 10 (Gen. Stat., § 2722), appears to have been intended to provide for a resident attorney of each foreign insurance company upon whom all process should be served, and we think that the provisions of the act of February 2, 1888, authorizing service of a summons upon certain agents of insurance companies must thereafter be restricted to the service of summons alone.

2. The jurisdiction of the court in this case, then, depended on whether property of the defendant, the Cœur d'Alene Clothing Company, was attached under the notice left with Powell for the attorney Burns. For, without the levy of an attachment, the courts of this state could have no jurisdiction of the principal defendant, which was a foreign corporation, was never served except by publication, and did not appear, or submit itself to the jurisdiction.

The attempted service upon Burns was void, as a notice of garnishment must be served personally (*Clark v. Chapman*, 45 Ga. 486); and was not cured by his admission that he had received the notice; but we think his answer on October 3d was sufficient to charge the appellants from that date, and to uphold the jurisdiction. But in the meantime it appears that on August 28, 1890, the appellant companies had been garnished at the suit of Greenhood, Bohn & Co. for $1,226.38 and costs at their home offices, in St. Paul, Ramsey county, Minnesota, which garnishments were therefore entitled to be first liens on the funds in the hands of the two companies.

Appellants raise the point that, as they are foreign corporations, they are not subject to garnishment proceedings in this state. But it is well settled that where the right to do business in a state is conceded to a foreign corporation by a statute, such as ours, wherein there is a condition that it shall appoint an attorney upon whom service in any proceedings in the courts of the state may be made, the corporation becomes a resident of the state, and, to such intents and purposes, a domestic corporation. *Barr v. King*, 96 Pa. St. 485; *Roche v. Rhode Island Ins. Ass'n*, 2 Ill. App. 360; Drake on Attachments, § 478.

But courts cannot, with any regard for justice, do less than permit a corporation to show that, in some other equal jurisdiction, it has already become liable as garnishee for the whole or a part of the amount of its debt to the principal defendant, and when that showing is made, recognize the priority and give judgment for what remains.

Accordingly, in this case, the judgment will be reversed and remanded, with instructions to the court below to proceed to enter judgments for such sums against the appellants, respectively, as may be made to appear by the parties to be due from them to the Cœur d'Alene Clothing Company, after the amounts due Greenhood, Bohn & Co. have been

ascertained by the Minnesota court. In this way the appellants will be required to pay their debt but once, and the respondents will receive all that they are entitled to. And it is so ordered; costs to appellant.

ANDERS, C. J., and HOYT, DUNBAR and SCOTT, JJ., concur.