[No. 19009. Department Two. January 7, 1925.]

THE STATE OF WASHINGTON, *on the Relation of J. Arine,* *Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Everett Smith, Judge, Respondent.*[1]

RECEIVERS (5)—APPOINTMENT—GROUNDS—FRAUD—RIGHTS OF CONTRACT CREDITORS. The court has jurisdiction to appoint a receiver of an insolvent debtor, in a suit by a simple contract creditor for the benefit of all the creditors, in view of Rem. Comp. Stat., § 740, defining a receiver as a person appointed to take charge of property pending a civil suit, and § 741, providing that a receiver may be appointed when in the discretion of the court it may be necessary to secure ample justice to the parties.

SAME (5). A receiver of an insolvent debtor is properly appointed, in a suit in the nature of a creditor's bill, where an extreme case is presented by showing large sales of goods and the secreting of the proceeds in fraud of creditors, when taken in connection with the debtor's consent to the appointment, made in open court at the time thereof.

Application filed in the supreme court November 7, 1924, for a writ of mandamus to compel the superior court for King county, Smith J., to discharge a receiver. Denied.

[1]Reported in 231 Pac. 785.

*Allen & Griffith,* for relator.

*Leopold M. Stern* and *Grinstead, Laube & Laughlin,* for respondent.

FULLERTON, J.—On October 27, 1924, Triest & Company, a non-resident corporation, began an action in the superior court of King county against the relator, J. Arine, to recover upon an account for goods, wares and merchandise sold and delivered by it to the relator. In its complaint it charged Arine with insolvency and with fraud in contracting the obligation sued upon. In substance, it alleged that the relator was a retail merchant doing business in the city of Seattle; that, within the ninety days preceding the commencement of the action, he had purchased on credit from divers wholesale dealers throughout the United States goods, wares and merchandise in excess of $40,000, without ability or intent to pay for the same; that he had converted a large part of the merchandise so purchased into money, and had secreted and disposed of the money so as to place it beyond the reach of his creditors; and that he had removed and was removing the remaining part of the merchandise so purchased from his usual place of business, all with the intent and purpose of cheating and defrauding the plaintiff and others of his creditors. The plaintiff, in its complaint, further alleged that it brought its action on its own behalf and on behalf of all other creditors of the relator. As a part of the relief sought, it asked for the appointment of a receiver to take charge of the relator's property and to manage and dispose of the same as the court might direct, "for the use and benefit of all of the creditors" of the relator.

At the time of the service of the summons in the action, the plaintiff caused a notice to be served upon the relator to the effect that at a certain named time

and place, it would apply to the court for the appointment of a receiver. The relator appeared in the action through his attorneys and, at the time and place named, consented in open court to the appointment of a receiver. The court therefore appointed one H. E. Warner as receiver, reciting in its order that the "receivership is hereby declared and adjudged to be for the common benefit of all of the creditors of" the relator. It further directed that the receiver give notice to the creditors by mail and by publication in a named newspaper of his appointment, requiring them to furnish proofs of their claims before a date named therein.

The receiver, after he had qualified as such, took possession of the visible property of the relator. Later on he caused him to be summoned before the court to answer concerning the property he had secreted. In his petition for the writ he made these allegations, namely:

"That the said Arine had been conducting a general merchandise business under the name of Golden Rule Department Store located in a double store premises at the southeast corner of Spring street and First avenue, Seattle, Washington, until Monday night, October 27th, 1924, at which time said business was permanently closed. That thereafter, on Tuesday, October 28th, 1924, your petitioner was duly appointed receiver and took charge, and now has possession of said merchandise business and is proceeding with an inventory of the assets therein contained. No other property of any character or description belonging to the said J. Arine has come into your receiver's possession and control, except the stock of merchandise and fixtures pertaining to the store above mentioned.

"Your receiver further shows that he has not as yet been able to get definite information concerning the liabilities of the said defendant J. Arine, but he is satisfied that the indebtedness to creditors for merchandise purchased in the operation of said business far exceeds the value of the assets now in the hands of your

receiver, and that when such assets are converted into money, the fund will be insufficient to more than pay a very small dividend on the claims of creditors.

"Your receiver further shows that he has made a partial investigation of the circumstances connected with the failure of this defendant, and upon information and belief alleges: That on Saturday, October 25, 1924, and on Monday, October 27, 1924, the said Arine conducted a special sale in his store. This sale had been advertised extensively in the daily newspapers, and also by signs and placards covering the entire front of the store premises. Merchandise was advertised and sold at far below the wholesale costs thereof. Approximately fifty sales people were employed on Saturday, and thirty-five on the following Monday. The store was crowded continuously with customers from the time it was opened in the morning till it was closed in the evening, to such extent that it was necessary to keep the doors locked half the time and only admit new customers as those within the store made their exit. Pressure of business was so great that many of the employees were not even able to take time off for their lunch. The total cash sales of Saturday and Monday amounted to not less than eight thousand dollars. The cash coming in from the sales was handled jointly by defendant J. Arine and his wife Esther Arine. In addition, said Arine sold large quantities of merchandise in bulk during the week ending October 25, 1924, but your receiver has not been able thus far to obtain definite information concerning the nature and kind of merchandise so sold, and the amount realized therefor by the said Arine.

"Your receiver further shows that the said Arine has not made any accounting to him of the money derived from the retail and bulk sales as aforementioned. The books of account, and other written memoranda pertaining to the business of the said Arine, which have come into the hands of your receiver, give no information concerning receipts of said sales, or the disposition of same. Your receiver believes and charges that the said Arine conducted said sales with the express purpose and intent to defraud creditors; that he

and his wife, Esther Arine, have jointly removed and secreted the proceeds of such sales, amounting to at least ten thousand dollars cash, with the express purpose of preventing said money from being made liable for, or available to the payment of his debts, and said Arine and his wife are now fraudulently concealing said cash in the sum above mentioned from your petitioner, as receiver.''

The relator appeared in the proceeding and, without denying the charges made by the receiver, moved the court to discharge the receiver, contending that his appointment was void and of no effect because of want of power and jurisdiction in the court to make the appointment. The court denied the motion, whereupon the relator applied to this court for a writ compelling the trial court to discharge the receiver.

The application made to this court for a discharge of the receiver is based upon the contention made in the trial court. The argument is that a trial court is without jurisdiction to appoint a receiver of the property of an individual debtor at the suit of a simple contract creditor whose claim has not been reduced to judgment and who is not asserting a specific lien on any of the property of his debtor. But we think this states the rule too broadly. The code (Rem. Comp. Stat., § 740) [P. C. § 8413], defines a receiver as ''a person appointed by a court or judicial officer to take charge of property during the pendency of a civil action or proceeding,'' and further provides (Ib., § 741) [P. C. § 8414], that a receiver may be appointed ''when, in the discretion of the court, it may be necessary to secure ample justice to the parties.'' It will be noticed that there is here no such limitation as the objection urged by the relator supposes. It is not made a condition precedent to the appointment of a receiver that the claim of the creditor be reduced to judgment, nor is it made a condition precedent to such an ap-

pointment that the creditor have a specific lien on any of the property of the debtor. On the contrary, the statute contemplates that there may be such an appointment in the absence of these conditions. On the naked question of jurisdiction to make the appointment, we cannot, therefore, think the objections well founded.

It may be conceded that the courts generally hold, and that we have heretofore held, that, in the absence of the conditions stated, the power will be sparingly exercised—that it must be a somewhat extreme case before the court will appoint a receiver of the property of an individual debtor at the suit of a simple contract creditor, but we think there is here an extreme case. Notwithstanding the denials by the relator of an intent to defraud, and notwithstanding his attempt to mitigate circumstances which he could not well deny, we think there is a very conclusive showing that the indebtedness sued upon, as well as the other indebtedness, was conceived in fraud, and that the debtor made a very determined attempt to convert the property he acquired in contracting the debts into a form which he could more readily place beyond the reach of his creditors. Furthermore, the suit of the plaintiff partakes somewhat of the nature of a creditor's bill. It did not ask for the appointment of the receiver solely for its individual benefit. It recognized that other persons had been defrauded in the same manner that it had been defrauded, and it offered to share the proceeds of the property recovered ratably with them, and the order of the court appointing the receiver is so framed as to carry this offer into effect. This, when taken in connection with the consent of the relator to the appointment entered into in open court, in our opinion, justifies the appointment.

The relator, to support his contention of want of jurisdiction, relies upon the case of *Blum v. Rowe,* 98 Wash. 683, 168 Pac. 781, L. R. A. 1918C 630. But that case does not deny the power of the court to appoint a receiver of the property of an individual debtor at the suit of a simple contract creditor under all circumstances. It was there held that the allegation of insolvency, coupled with the allegation that the debtor is about to lose or squander his property, was not sufficient. The case quoted from one of our previous cases wherein we stated that there were conditions under which an appointment would be justified, namely, where the possession of the property for which the receivership is sought was obtained by fraud, pointing out that the condition was not there present. But, as we have shown, the stated condition is present in the instant case, as well as other circumstances which bring the case within the statutory rule of securing "ample justice to the parties."

The alternative writ heretofore issued from this court is quashed, and peremptory writ denied.

MAIN, C. J., HOLCOMB, MACKINTOSH, and MITCHELL, JJ., concur.