[No. 24895. Department Two. February 27, 1934.]

THE CITY MORTGAGE COMPANY, *Respondent*, v. LOLA SKARTVEDT, *Appellant*.[1]

[1]Reported in 29 P. (2d) 928.

*Jno. Mills Day,* for appellant.

*H. E. Foster,* for respondent.

HOLCOMB, J.—This is an appeal from an order appointing a receiver in an action brought by respondent against appellant, Lola Skartvedt, as lessee in possession of certain property in Seattle called the Carolina Court Apartments, the real estate being owned by New York Life Insurance Company and Charles F. Clise being alleged to have some interest in the rents, issues and profits thereof.

The summons and complaint were not served upon either of the last two named defendants, and they are not concerned in this appeal.

The complaint is very lengthy and the affidavits in resistance thereof quite lengthy, so that it is inadvisable within the proper limits of this opinion to set them all out in detail.

On August 16, 1933, respondent, a domestic corporation, whose president and principal stockholder is Minnie L. Richardson, filed its verified complaint in the court below in which the substance of its cause of action is alleged as follows:

That the New York Life Insurance Company, a corporation, is the owner and seized in fee simple of the premises known as the Carolina Court in Seattle, on which there is a large apartment house; that it had entered into an agreement of lease, for a term ending in November, 1933, with appellant, to maintain and operate the apartment house according to the terms and conditions of a certain written memorandum. Appellant was possessed of no means with which to furnish the apartment house or to make deposit on the lease, and at or about the time of the execution of the lease, appellant obtained from one Bernice Bailey

furniture and furnishings to furnish the Carolina Court Apartments and also to pay the sum of eight hundred dollars as a deposit upon the lease; and that Bernice Bailey furnished the furniture and furnishings for the apartment house; that, thereafter, respondent became possessed of all the right, title and interest of Bernice Bailey in and to the agreement with appellant, and by virtue of a foreclosure of a chattel mortgage upon the furniture and furnishings in the apartment house, respondent became the owner of the same, which is of the value of $12,541.09.

It is then alleged that appellant is operating the apartment house as described and is using respondent's property with the furniture and furnishings therein, is refusing to recognize the rights of respondent in the premises, and is endeavoring to and will, unless restrained by the court, make disposition of its property, and will attempt to, and will, either destroy, remove or secrete it, to the irrevocable injury and damage of respondent, which will be remediless; that appellant is, in all respects, insolvent and unable to respond to any judgment which may be obtained against her for the recovery of money, and if she is possessed of any property it is hidden and placed beyond the reach of any process of law. It is further alleged that the reasonable value of the use of respondent's furniture in the apartment house is the sum of five hundred dollars per month.

It is then alleged that a receiver should immediately be appointed to take charge of the apartment house for the purpose of conserving the furniture belonging to respondent, and that the same be operated under a receiver during the term of the lease expiring in November, 1933, and that respondent have and receive its furniture, and that the other parties be enjoined and

restrained from claiming any right, title, or interest in or to the property, and that the receiver be authorized and directed at the expiration of the lease to turn the property over to the respondent.

The sole prayer of the complaint is that a receiver be appointed with orders to take over the property and operate the apartment house known as the Carolina Court Apartments during the term of her lease, and that respondent have and receive out of the proceeds arising from its operation five hundred dollars per month for the use of the furniture and furnishings; that, at the expiration of the lease, the receiver be directed to turn the property over to respondent; that respondent have and recover of and from the contesting defendants its costs and disbursements and for all proper relief.

The supporting affidavit, made by Minnie L. Richardson and filed on the same day as the complaint, alleged no facts in addition to those alleged in the complaint other than that the property of respondent composed the major portion of the furniture and furnishings and is being used by appellant for her use and benefit only; and without the mortgaged property of respondent the apartment building could not be used and could not function unless it was refurnished with such furniture as respondent owns and now is in the apartment building.

Appellant filed an affidavit and a supplemental affidavit in response to the application for a receiver, in one of which she denied that she is insolvent as alleged in the complaint. She also stated that all the money coming into her hands from the rentals of the apartments had been applied according to her contract; that the eight hundred dollars referred to in the contract of lease had been paid to the New York Life Insurance Company to pay upon the last month's rental; that

she had done all things required of her; and rendered an accounting of all the funds which had been received and paid out by her, as an exhibit attached to one of her affidavits, which was in no wise controverted by respondent.

On the return day of the show cause order that had been issued, the trial court made an order in which it was recited that the matter was submitted to it upon the complaint and affidavit of respondent and the affidavits of appellant, and among other things recited that respondent has a substantial interest in the furniture and furnishings, the deposit upon the lease by which the premises are held; and that the only way the property could be managed to conserve the same and safeguard all the rights of the parties interested is by and through a receiver for the safeguarding of the property of respondent and appellant, and for the operation of the property under the lease of appellant.

It was therefore ordered that a receiver be appointed, who was then named and thereafter qualified. It was ordered that he take possession of the interests of the lessee in the Carolina Court Apartments and of the property and business of the lessee and of respondent; that he take full and complete charge of the business and operate the apartment house under the lease, collect the rents and revenues arising from the operation thereof and pay to the lessor, according to the terms, conditions and stipulations in the lease by which the premises were held and occupied, the monthly rents and the necessary expenses of operating the apartment house, the residue of the money to be held by the receiver until the further order of the court.

Regardless of whether appellant was solvent or insolvent, this was a suit against her and merely as a private individual. This is not an action against an insolvent corporation. There was nothing alleged

in the complaint herein showing that respondent was entitled to any lien or judgment against appellant.

"In an application for the appointment of a receiver, the plaintiff must show, (1) either that he has a clear right to the property itself, that he has some lien upon it, or that the property constitutes a special fund to which he has a right to resort for the satisfaction of his claim; and (2) that the possession of the property by defendant was obtained by fraud, or that the property itself, or the income arising from it, is in danger of loss from neglect, waste, misconduct, or insolvency. [Citing cases.]

"Until a creditor has obtained a judgment at law for his demand against the debtor, and the return of an execution unsatisfied, an action in equity will not lie to reach assets and apply them to the payment of a moneyed demand arising upon a contract, express or implied. Allegations of insolvency do not change this rule. [Citing cases.]" *Grays Harbor Commercial Co. v. Fifer*, 97 Wash. 380, 166 Pac. 770.

The law announced in the above cited case was approved and reaffirmed in *Blum v. Rowe*, 98 Wash. 683, 168 Pac. 781, in which it was held that, in the absence of a statute, a simple contract creditor cannot, before judgment, maintain an action for a receiver of the property of an individual debtor upon an allegation of insolvency and that the debtor was about to lose or squander his property; and Rem. Rev. Stat., § 741, authorizing receivers for insolvent corporations, has no application.

The principles of those two cases were reaffirmed in *Sixpine Leaseholders, Inc. v. Seattle Recreation Co.*, 171 Wash. 139, 18 P. (2d) 12.

Under these cases, the allegations of the complaint itself showed that there was not sufficient to warrant the appointment of a receiver. See, also, 53 C. J., pp. 53 and 54.

The further relief asked by respondent, that, when the lease of appellant has expired, respondent's furniture be restored to it, is one which could and should be fully accomplished by a suit in replevin or detinue, and not by the appointment of a receiver.

There was no warrant whatever for the appointment of a receiver in this case, and the order is reversed, with instructions to dismiss the action and annul the appointment.

BEALS, C. J., TOLMAN, BLAKE, and GERAGHTY, JJ., concur.